# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRANSFIRST HOLDING, INC., et al., | Case No. 2:16-cv-00322-APG-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket Nos. 1, 2) |
| DOMINIC J. MAGLIARDITI, et al., | |
| Defendant(s). | |

Pending before the Court are non-party Francine Magliarditi's ("Magliarditi") emergency motion for protective order and emergency motion to quash subpoena, filed at 1:17 p.m. on February 17, 2016. Docket Nos. 1, 2. For the reasons that follow, the Court **DENIES** both motions.

## I.   EMERGENCY MOTIONS

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d ___, 2015 WL 6123192, *2 (D. Nev. Oct. 16, 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship.

1    *Cardoza*, 2015 WL 6123192, at \*2-3.  As a result, the Court allows motions to proceed on an emergency
2    basis in only very limited circumstances.

3       Emergency motions must as a threshold matter meet several technical requirements outlined in
4    the local rules.  First, the face of the motion itself must be entitled an "Emergency Motion" so the Court
5    has prompt notice that expedited relief is being requested.  Local Rule 26-7(c).  Second, the emergency
6    motion must be accompanied by an affidavit providing several key facts necessary for the Court to
7    determine whether, in fact, an emergency exists and allowing the Court to provide the fairest, most
8    efficient resolution.  *Id.*  This affidavit must include a detailed description of the nature of the
9    emergency.  *See* Local Rule 26-7(c)(1).  The affidavit must also provide the contact information
10    (telephone number and office addresses) of the movant and all other affected parties.  *See* Local Rule
11    26-7(c)(2).  As with any discovery motion, the affidavit must also provide a certification that, despite
12    personal consultation and sincere effort to do so, the movant was unable to resolve the matter without
13    court action.  *See* Local Rule 26-7(b); *see also* Fed. R. Civ. P. 37(a)(1).[1]

14       Where these technical requirements are met, the Court will turn to the substantive requirements
15    for filing an emergency motion.  When a party files a motion on an emergency basis, it is within the sole
16    discretion of the Court to determine whether any such matter is, in fact, an emergency.  Local Rule 26-
17    7(d).  Generally speaking, an emergency motion is properly presented to the Court only when the
18    movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant
19    to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires
20    emergency relief or, at the very least, that the crisis occurred because of excusable neglect.  *Cardoza*,
21    2015 WL 6123192, at \*4 (citing *Mission Power*, 883 F. Supp. at 492).  If there is no irreparable
22    prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the
23    motion may be properly decided on a non-expedited basis.  *Cardoza*, 2015 WL 6123192, at \*4 .

24
25 _____
26    [1] The purportedly emergency nature of a discovery dispute does not obviate the requirement to
27    conduct a proper meet-and-confer. *See, e.g.*, *Cardoza*, 2015 WL 6123192, at \*3 (citing *Goben v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. Lexis 26773, \*3-4 (D. Nev. Feb. 27, 2013)).  "To the contrary, a good faith and
28    thorough attempt to resolve the dispute without Court intervention is even more critical when time is of the essence." *Id.*

The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "it is the creation of the crisis – the necessity for bypassing regular motion procedures – that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 2015 WL 6123192, at *4 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193.

Attorneys should expect that motions filed as a misuse of the emergency procedures "will be summarily denied as abusing the litigation process and showing inadequate regard for the Court's time and resources and the opposing party's entitlement to a reasonable opportunity to respond and may result in additional sanctions." *Talon Transaction Techs., Inc. v. Stoneeagle Servs., Inc.*, 2014 WL 6819846, *3 (N.D. Tex. Dec. 4, 2014) (citing *Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988)).

In this instance, Magliarditi's motions fail to met the threshold technical requirements. Neither motion is accompanied by an affidavit providing the key facts necessary to determine whether in fact an emergency exists. *See* Local Rule 26-7(c)(1). Instead, both obfuscate the nature of the emergency, stating that "it is appropriate for the Court to consider, on an emergency basis, [the motion] in advance of the scheduled testimony." Docket No. 1 at 6; Docket No. 2 at 6. Magliarditi neglects to mention, however, the date of the scheduled deposition.[2] *See* Docket Nos. 1, 2.

The Court, in its discretion, also finds that Magliarditi has not established the substantive requirements to warrant expedited review. *See* Local Rule 26-7(d). Here, deposition notices were mailed to Magliarditi on September 28, 2015, and December 9, 2015, and the depositions were originally scheduled for December 10, 2015, and January 20, 2016. *See* Docket No. 1 at 9-12, 30-31,

---

[2] On February 18, 2016, at 9:52 a.m., the Court received an *ex parte* phone call, in which Plaintiff Transfirst Holding, Inc., asked the Court to rule on the motions over the phone. Only after this *ex parte* call, did the Court become aware that Magliarditi's motions related to a deposition scheduled for the next day. *See* Local Rule 7-6(b) (prohibiting *ex parte* communications generally)

45-46, 62-63.  This dispute appears to have been apparent well before Magliarditi filed her eleventh-hour motions on the eve of the deposition.  Additionally, Magliarditi's counsel, despite the notice in September and December, failed to engage in a meet and confer until February 16, 2016.  Docket No. 1 at 2; Docket No. 2 at 2.  Had the meet and confer been timely accomplished and the motions been timely filed, the Court could have resolved the motions on a reasonable timetable before the deposition date.  Magliarditi's counsel fails to adequately explain why she waited to bring the motion, and it appears that she created the emergency situation by his own actions.  *See Cardoza*, 2015 WL 6123192, at *4 (explaining that when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation).

## II.   **MEET AND CONFER**

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  A threshold issue in the review of discovery motions is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza*, 2015 WL 6123192, at *6.  Federal Rule of Civil Procedure 26(c)(1) requires that the motions for protective orders "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."  That the movant believes the dispute must be resolved on an expedited basis does not relieve it of the obligation to properly meet and confer.  *See, e.g.*, *Goben*, 2013 U.S. Dist. Lexis 26773, at *3-4.

The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc.*

4

*v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996).  This obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

In this instance, Magliarditi's meet and confer efforts, as evidenced in her counsel's affidavit, are inadequate.  Docket No. 1 at 2; Docket No. 2 at 2.  Magliarditi's counsel states that he waited until two days before the date of the scheduled deposition to discuss the contested discovery issues in this case.  *Id*.  This delay weighs against any assertion of good faith.  Further, the details of this discussion are not provided in a manner sufficient for the Court to analyze whether a proper meet-and-confer has been conducted.  Of particular note, it is not clear from the papers whether the parties presented the merits of their respective positions, laying their cards on the table.  Rather, the affidavit provides conclusory statement that the parties discussed the issue of spousal privilege.  Such statements are plainly insufficient to satisfy Local Rule 26-7(b).  *See ShuffleMaster*, 170 F.R.D. at 170.

. . .

. . .

. . .

. . .

. . .

. . .

5

## III.    CONCLUSION

Accordingly, for the reasons stated above, Magliarditi's motion for protective order and motion to quash, Docket Nos. 1 and 2, are hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: February 18, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

6